UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCELO JAVIER SARMIENTO, | Case No. CV 14-2221 JC |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## I. SUMMARY

On April 1, 2014, plaintiff Marcelo Javier Sarmiento ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before the undersigned United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").[1] The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; Case Management Order ¶ 5.

---

[1]The Court has also considered plaintiff's Reply.

1

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED. The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[2]

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 4, 2011, plaintiff filed applications for Supplemental Security Income and Disability Insurance Benefits. (Administrative Record ("AR") 12, 125, 127). Plaintiff asserted that he became disabled on June 1, 2009 due to a heart condition, major heart attack, diabetes, right eye blindness, high blood pressure, asthma, arthritis, and tuberculosis. (AR 164). The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel and assisted by a Tagalog language interpreter) on November 6, 2012. (AR 24-38).

On November 28, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 12-19). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: coronary artery disease, status post myocardial infarction, type II diabetes mellitus, cataract of the right eye, hypertension, and asthma (AR 14); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 15-16); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. §§ 404.1567(b), 416.967(b))[3] with additional
///

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing application of harmless error standard in social security cases) (citations omitted).

[3] The ALJ determined that plaintiff (i) could occasionally climb, balance, stoop, kneel, crouch and crawl; (ii) needed to avoid work requiring depth perception; and (iii) needed to avoid concentrated exposure to fumes, dust, odors, gases, noxious smoke, poor ventilation, and other pulmonary irritants. (AR 16).

limitations (AR 16); (4) plaintiff could perform his past relevant work as generally performed (AR 19); and (5) plaintiff's allegations regarding his limitations were less than entirely credible (AR 19).

The Appeals Council denied plaintiff's application for review. (AR 1).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

///

|   |   |   |
|---|---|---|
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ erred at step four in finding that plaintiff could perform his past relevant work, essentially because the requirements of such work exceed plaintiff's abilities.  (Plaintiff's Motion at 5-12).  A reversal or remand is not warranted on this basis.

### A. Pertinent Law

At step four, claimants have the burden to show that they no longer have the capacity to perform their past relevant work.  Pinto v. Massanari, 249 F.3d 840, 844 (2001).  The Commissioner may deny benefits at step four if the claimant can still perform (1) a specific prior job as "actually performed"; or (2) the same kind of work as it is "generally performed" in the national economy.  Id. at 845 (citing Social Security Ruling ("SSR") 82-61);[4] SSR 82-62 at *3.

The best source for information regarding how an occupation is "generally" performed is usually the Dictionary of Occupational Titles ("DOT").  Pinto, 249 F.3d at 845-46 (citations omitted); see also 20 C.F.R. §§ 404.1566(d)(1),

///

---

[4]Although they do not carry the "force of law," Social Security Rulings are binding on ALJs.  See 20 C.F.R. § 402.35(b)(1); Bray v. Commissioner of Social Security Administration, 554 F.3d 1219, 1224 (9th Cir. 2009) (citation and internal quotation marks omitted).  Such rulings "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the Social Security Act and regulations." Molina v. Astrue, 674 F.3d 1104, 1113 n.5 (9th Cir. 2012) (citations and internal quotation marks omitted); see also Heckler v. Edwards, 465 U.S. 870, 873 n.3 (1984) (discussing weight and function of Social Security rulings).

1  416.966(d)(1).  An ALJ may also obtain testimony from a vocational expert.  See
2  Pinto, 249 F.3d at 845-46 (citations omitted); SSR 82-61 at *2.
3       An ALJ may not rely on a vocational expert's testimony regarding the
4  requirements of a particular job, however, without first inquiring whether the
5  testimony conflicts with the DOT, and if so, the reasons therefor.  Massachi v.
6  Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007) (citing SSR 00-4p).  In order for
7  an ALJ to accept vocational expert testimony that contradicts the DOT, the record
8  must contain "persuasive evidence to support the deviation."  Pinto, 249 F.3d at
9  846 (citation omitted).  Evidence sufficient to permit such a deviation may be
10 either specific findings of fact regarding the claimant's residual functionality, or
11 inferences drawn from the context of the expert's testimony.  Light v. Social
12 Security Administration, 119 F.3d 789, 793 (9th Cir.), as amended (1997)
13 (citations omitted).
14      Although claimants have the burden of proof at step four, an ALJ's
15 determination at step four "must be developed and explained fully" and, at a
16 minimum, contain the following specific findings of fact:  (1) the claimant's
17 residual functional capacity; (2) the physical and mental demands of the past
18 relevant job/occupation; and (3) that the claimant's residual functional capacity
19 would permit a return to his or her past job or occupation.  Pinto, 249 F.3d at 844-
20 45; SSR 82-62 at *3-*4.
21      **B.   Analysis**
22      Here, the ALJ's determination that plaintiff could return to his past relevant
23 work properly included all of the minimum findings of fact required at step four –
24 specifically (1) plaintiff's residual functional capacity (AR 16); (2) the physical
25 and mental demands of plaintiff's past relevant work as generally performed (i.e.,
26 "light, semi-skilled work with [a specific vocational preparation ("SVP") level of]
27 3") (AR 19) (citing DOT No. 372.667-038 [merchant patroller]); and (3) that
28 plaintiff's residual functional capacity would permit plaintiff to perform his past

relevant work as generally performed (AR 19). Substantial evidence supported each.

First, plaintiff does not appear to dispute the ALJ's first finding. Even so, the ALJ's residual functional capacity assessment for plaintiff is consistent with those provided by the state-agency examining and reviewing physicians. (Compare AR 16 with AR 288-92 [examining] and AR 293-300 [reviewing]); see Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion based on independent examination of claimant substantial evidence supporting ALJ's findings; opinions of nontreating or nonexamining doctors may also serve as substantial evidence when consistent with independent clinical findings or other evidence in the record) (citations omitted).

Second, the ALJ's second finding is supported by the vocational expert's testimony that plaintiff's past relevant work as generally performed could be classified under the DOT occupation of "merchant patroller" (DOT § 372.667-038) which, according to the DOT, involves light, semi-skilled work, with SVP 3, and does not require any "depth perception."

Finally, at the hearing, the vocational expert essentially testified that a hypothetical individual with the same characteristics as plaintiff could perform the occupation of merchant patroller. (AR 35-36). Plaintiff does not dispute the accuracy of the hypothetical questions the ALJ posed at the hearing. The vocational expert's testimony is consistent with the DOT,[5] and thus, without more, was substantial evidence supporting the ALJ's determination at step four that plaintiff could engage in his past relevant work as generally performed. Pinto, 249

---

[5]Although the DOT's description for "merchant patroller" states that a worker "May be armed with pistol. . . ." it does not, as plaintiff suggests, *require* the use of a firearm. See DOT § 372.667-038. Plaintiff points to no credible authority which suggests that the *possible* use of a firearm was itself a "physical and mental demand[]" of plaintiff's past work that the ALJ was required to consider at step four.

F.3d at 845-46 (citations omitted); SSR 82-61 at *2; see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). Plaintiff's argument that the requirements of plaintiff's past relevant work essentially should be different than those described in the DOT – based on an unsupported doomsday theory (Plaintiff's Motion at 10-12) – does not undermine the reliability of the vocational expert's opinion which the ALJ adopted at step four.

Accordingly, a remand or reversal on this basis is not warranted.

## V. CONCLUSION

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: January 31, 2015

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE